ADAM REISNER, ESQ. (State Bar No. 204351)
adam@reisnerlaw.com
TESSA KING, ESQ. (State Bar No. 251408)
tessa@reisnerlaw.com
JUSTIN SILVERMAN, ESQ. ( State Bar No. 292036)
Justin@reisnerlaw.com
REISNER & KING LLP
14724 Ventura Blvd, Suite 1210
Sherman Oaks, California 91403
Phone:  (818) 981-0901
Fax:     (818) 981-0902

Attorneys for Respondent **SIDNEY MENDOZA**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GOLDEN STATE FOODS, CORP. and BRIAN DICK,<br><br>Petitioners,<br><br>vs.<br><br>SIDNEY MENDOZA,<br><br>Respondent. | Case No.: 2:14-cv-07045-MWF-E<br><br>**SPECIALLY APPEARING: RESPONDENT'S MOTION TO DISMISS PETITIONERS' PETITION TO COMPEL ARBITRATION BASED ON FRCP 12b(5) AND REQUEST FOR SANCTIONS IN THE AMOUNT OF $4,237.44.**<br><br>Judge: Hon. Michael W. Fitzgerald<br>Date:   October 27, 2014<br>Time    10:00 a.m.<br>Ctrm:   1600 |

PLEASE TAKE NOTICE that on October 27, 2014, or as soon thereafter as this matter may be heard, in Courtroom 1600 of the above-entitled Court, Respondent Sidney Mendoza, specially appearing, will, and hereby does, move this Court for a motion to dismiss pursuant to FRCP 12b(5) and requests sanctions in the amount of $4,237.44.

i

**SPECIALLY APPEARING: RESPONDENT'S MOTION TO DISMISS PETITIONERS' PETITION TO COMPEL ARBITRATION BASED ON FRCP 12b(5) AND REQUEST FOR SANCTIONS IN THE AMOUNT OF $4,237.44.**

This motion is made upon the grounds that Petitioners' Petition to Compel Arbitration was improperly served pursuant to FRCP 12b(5). As set forth in greater detail below, the Petition was not served on Respondent Sidney Mendoza, but instead served on the Law Firm of Reisner & King, who has no authority to accept service on his behalf.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 18 and 19, 2014, when Petitioners Counsel informed he would not be dismissing the Petition even though he did not serve the Respondent. (See Declaration of Justin Silverman ¶ 3-6).

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities served and filed herewith, the Declaration of Justin Silverman, Esq., attached hereto, Respondent's Evidentiary Objections, served and filed herewith, court records and documents, and on all such other oral and documentary evidence as may be received at the hearing of this motion.

DATED: September 23, 2014        REISNER & KING LLP

                                         By:   /s/ Justin Silverman
                                         Justin Silverman, Esq.
                                         Attorneys for Respondent Sidney Mendoza

**SPECIALLY APPEARING: RESPONDENT'S MOTION TO DISMISS PETITIONERS' PETITION TO COMPEL ARBITRATION BASED ON FRCP 12b(5) AND REQUEST FOR SANCTIONS IN THE AMOUNT OF $4,237.44.**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Petitioners Golden State Foods, Corp ("Golden State") and Brian Dick filed a Petition to Compel Arbitration, however they did not, and still have not served Respondent Sidney Mendoza with the Petition and summons as required by FRCP Rule 5.

### II.

### STATEMENT OF FACTS

On July 8, 2014, Respondent (as the Plaintiff) filed a complaint in Los Angeles Superior Court (hereinafter referred to as "Complaint") alleging all state law employment causes of action. (See Silverman Decl., Ex. A, Complaint).

Within the complaint, Respondent attached a Department of Fair Employment and Housing Act ("DFEH") Right to Sue letter. This letter is required to bring a DFEH claim, such as harassment, discrimination, or retaliation based on a protected class. It is attached to the complaint purely to show the plaintiff has exhausted all administrative remedies. As part of the DFEH charge, Respondent briefly mentioned, in one sentence of a lengthy letter, that Petitioners violated a federal law—USSERA. (Decl. Silverman, Ex. A) However, nowhere in the complaint does it reference this law again, or reference the substance of the DFEH charge, other than exhausting administrative remedies. (Id.)

As part of the discovery process in the state court action, Petitioners, through their counsel, Rodney Moore, Esq., requested an extension to discovery, which Respondents counsel, Mr. Justin Silverman, Esq., would normally have granted. However, Mr. Moore did so <u>after</u> the discovery's due date. Mr. Silverman offered he would not file a motion to compel as a professional courtesy and to avoid overburdening the court, however, Petitioner's objections would still be waived (Silverman Decl. ¶ 2). Petitioners' counsel, Rodney Moore, in retaliation and unsolicited, called Mr. Silverman a **"fast and loose"** attorney, and told him he

**RESPONDENT'S MOTION TO DISMISS PETITIONERS' PETITION TO COMPEL ARBITRATION BASED ON FRCP 12b(5) AND REQUEST FOR SANCTIONS IN THE AMOUNT OF 4,237.44.**

had a **"special protocol" for fast and loose attorneys.** (Silverman Decl. ¶ 2, see Ex. B, pg. 2, very top of page). As part of this "special protocol" Petitioners now bring this separate Federal Action as a petition to compel arbitration arguing the DFEH charge creates a federal question. Respondent in return brings this instant motion to dismiss Petitioners' claim in its entirety under FRCP 12b(5).

On September 10, 2014, Petitioners served on Reisner & King via mail from Georgia, a copy of the petition to compel arbitration. However, Reisner & King had and has no express or implied authority to accept service on behalf of Respondent Mendoza. Indeed, on September 19, 2014, Justin Silverman, Esq., an attorney for Reisner & King, sent Petitioner's counsel, Mr. Rodney Moore, an e-mail stating they would not accept service on behalf of Mr. Mendoza. Mr. Silverman expressly stated that no express or implied authority to accept service existed pursuant to the said e-mails, and pursuant to the fact this instant matter is a separate matter from the state court claim. (See Declaration of Justin Silverman ¶ 3-7)

Petitioners' have still not served Respondent Mendoza. As such, Respondent brings his instant motion to dismiss pursuant to FRCP 12b(5), improper service of process.

Moreover, Petitioners will also file with this court a motion to dismiss pursuant to FRCP 12b-1 and 12b-6, and an opposition to the instant motion to dismiss. However, Respondent asks the court to hear and rule on this instant issue first, so as to not waive the ability to bring this instant 12b(5) motion to dismiss.

### III.
### LEGAL AUTHORITY

Under Federal Rules of Civil Procedure Rule 12b(5), a party may assert the defense of insufficient service of process in a motion to dismiss. (FRCP 12b(5). Where the validity of service is disputed, the burden is on the party claiming proper service to establish the validity of service. Kruska v. Perverted Justice

2

**RESPONDENT'S MOTION TO DISMISS PETITIONERS' PETITION TO COMPEL ARBITRATION BASED ON FRCP 12b(5) AND REQUEST FOR SANCTIONS IN THE AMOUNT OF 4,237.44.**

Found. Inc., (D. Ariz. Nov. 16, 2009) CV-08-0054-PHX-SMM, 2009 WL 4041941.

## IV.
## LEGAL ARGUMENT

**A. This Petition Must Be Dismissed Under FRCP 12b(5) Because Service Is Improper As Petitioners Have Not Served Respondent Properly, and Reisner & King, LLP Is Not An Authorized Agent of Service.**

Service is improper because Petitioners have not served Respondent properly, as they served the law firm of Reisner & King, LLP ("Reisner & King.") However, Reisner & King is not an authorized agent of service. If undisputed evidence shows that the person upon whom process was served is not the agent of the defendant and is not authorized to receive service of process issued against such defendant, the motion to quash service and to dismiss the defendant from the action should be granted.   Ballard v. PNC Financial Services Group, Inc., (S.D.W.Va.2009) 620 F.Supp.2d 733.

An individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FRCP 4(e)(1); LSJ Inv. Co., Inc. v. O.L.D., Inc. (6th Cir. 1999) 167 F.3d .320, 322–323.  Rule 4(d)(1) allows service on an agent only if 'authorized by appointment or by law  to receive service of process.' Ransom v. Brennan, (5th Cir. 1971) 437 F.2d 513, 518-19; FRCP 4(e)(2)(C); see also FRCP Rule 4(d)(1). The person or company appointed must have been given authority to receive process on behalf of the defendant. Nelson v. Swift (DC Cir. 1959) 271 F2d 504, 505. Finally, authorization may be express or implied. Volkswagenwerk Aktiengesellschaft v. Schlunk (1988) 486 US 694, 706–707.

Here, no express or implied authority existed of the law firm of Reisner & King to accept service on behalf of Respondent Sidney Mendoza. Thus, because

Reisner & King, LLP was not an authorized agent by appointment or law to receive service on behalf of Respondent Mendoza, this claim must be dismissed pursuant to FRCP 12b(5).

### B. No Express Authority Existed For The Law Firm Of Reisner & King To Accept Service On Behalf Of Respondent

The person appointed to accept service must have been given authority to receive process on behalf of the defendant. Nelson v. Swift (DC Cir. 1959) 271 F2d 504, 505. Thus, an attorney, solely by reason of his or her capacity as attorney, is not necessarily the client's agent "by appointment" to receive service of process. Ransom v. Brennan (5th Cir. 1971) 437 F2d 513, 518–519; Mid-Continent Wood Products, Inc. v. Harris (7th Cir. 1991) 936 F2d 297, 301; United States v. Ziegler Bolt & Parts Co. (Fed. Cir. 1997) 111 F3d 878, 881.

Here, no express authority exists as Respondent has not authorized Reisner & King to accept service on his behalf. (Silverman Decl. ¶ 7). Indeed, while Reisner & King does represent Respondent, it does so for a different matter in state court. Thus, in this newly brought federal instant action, Reisner & King has no express authority to act as an agent for service. As such, this matter must be dismissed under FRCP 12b(5).

### C. No Implied Authority Existed For The Law Firm Of Reisner & King To Accept Service On Behalf Of Respondent, Thus The Matter Must Be Dismissed Under FRCP 12b(5).

Unless an attorney has actual authority, authority to accept service is only created when the attorney's activities on behalf of a client in one court may indicate implied authority to receive service of process "in integrally related litigation in another court." In re Focus Media, Inc. (9th Cir. 2004) 387 F3d 1077,1082 (emphasis added). First, although Petitioner will attempt to argue the two claims are "integrally related," they are in fact not. Indeed, Petitioners' own counsel admits in his declaration, **"I am not aware of any similar or parallel litigation pending between the parties."** (Declaration of Rodney G. Moore in Support of Petition to Compel Arbitration.) Respondent Mendoza filed a state

4

**RESPONDENT'S MOTION TO DISMISS PETITIONERS' PETITION TO COMPEL ARBITRATION BASED ON FRCP 12b(5) AND REQUEST FOR SANCTIONS IN THE AMOUNT OF 4,237.44.**

court claim alleging all state law actions in Los Angeles Superior Court. Now, Petitioner is bringing a wholly new and different action in Federal Court under federal question jurisdiction. This action is a Petition to Compel Arbitration over an alleged *federal issue*.

Regardless, however, any implied authority was destroyed as the law office of Reisner & King made it abundantly clear in several e-mails that no authority existed to accept service. Indeed, one of several e-mails stated:

> "This petition (and civil cover sheet) is a new and separate action in federal court, and I am notifying you expressly that we are not accepting service on his behalf as to this other matter. Thus, we should not be assumed to be an agent of process—implied or actual. Indeed, according to a vast amount of case law, counsel in one action generally cannot accept service of process on behalf a client in a separate matter."

(See Silverman Decl. ¶ 6-7; a true and correct copy of this e-mail chain is attached hereto as Ex. C to Declaration of Justin Silverman.) Certainly any implied authority was destroyed when Petitioners' counsel was made aware that none existed.

## IV. REQUEST FOR SANCTIONS

The presentation to the Court of frivolous motions or opposition to motions (or the failure to comply fully with this rule) subjects the offender at the discretion of the Court to the sanctions of L.R. 83-7. Here, this Petition to compel arbitration is completely frivolous and was not even served correctly on Respondent. Petitioner's counsel filed this Petition as retaliation for the denial of an extension to already late discovery. Indeed, as stated, Petitioners' counsel, Mr. Moore specifically and hostilely emailed Respondent's counsel to let him know he has a "special protocol" for "fast and loose" attorneys. Further, when Respondent's counsel alerted Mr. Moore that service was insufficient, he simply told Respondent's counsel to go file a motion, instead of Mr. Moore attempting to serve the Respondent personally. (Silverman Decl. ¶ 6). As such, and because Mr. Moore has wasted this courts time, Petitioners must be sanctioned in the amount

5

**RESPONDENT'S MOTION TO DISMISS PETITIONERS' PETITION TO COMPEL ARBITRATION BASED ON FRCP 12b(5) AND REQUEST FOR SANCTIONS IN THE AMOUNT OF 4,237.44.**

of Respondent's attorney's fees. Here, Respondent has accrued $4,237.44 in attorney's fees and costs on this motion. (Silverman Decl. ¶ 9-12; Tessa King Decl. ¶ 2-6).

## IV. CONCLUSION

Based on the foregoing, Respondent respectfully requests that this Honorable Court dismiss Petitioners' Petition to Compel Arbitration in its entirety and award sanctions in the amount of $4,237.44.

DATED: September 22, 2014        **REISNER & KING LLP**

By: /s/ JUSTIN SILVERMAN

JUSTIN SILVERMAN
Attorneys for PLAINTIFF
SIDNEY MENDOZA

6

**RESPONDENT'S MOTION TO DISMISS PETITIONERS' PETITION TO COMPEL ARBITRATION BASED ON FRCP 12b(5) AND REQUEST FOR SANCTIONS IN THE AMOUNT OF 4,237.44.**