ADAM REISNER, ESQ. (State Bar No. 204351)
adam@reisnerlaw.com
TESSA KING, ESQ. (State Bar No. 251408)
tessa@reisnerlaw.com
JUSTIN SILVERMAN, ESQ. ( State Bar No. 292036)
Justin@reisnerlaw.com
REISNER & KING LLP
14724 Ventura Blvd, Suite 1210
Sherman Oaks, California 91403
Phone:  (818) 981-0901
Fax:      (818) 981-0902

Attorneys for Respondent **SIDNEY MENDOZA**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN STATE FOODS, CORP. and BRIAN DICK <br><br> Petitioners, <br><br> vs. <br><br> SIDNEY MENDOZA, <br><br> Respondent. | Case No.: 2:14-cv-07045-MWF-E <br><br> **RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS PETITIONER'S PETITION TO COMPEL ARBITRATION BASED ON FRCP RULE 12B-1 AND 12B-6 AND REQUEST FOR SANCTION OF $7,537.44.** <br><br> [Filed concurrently with the Declaration of Justin Silverman, Esq., Tessa King, and Sidney Mendoza, Proposed Order, Respondent's Evidentiary Objections, and Proposed Order on Evidentiary Objections] <br><br> Judge: Hon. Michael W. Fitzgerald <br> Date:   November 3, 2014 <br> Time    10:00 a.m./ Ctrm: 1600 |

PLEASE TAKE NOTICE that on November 3, 2014, or as soon thereafter

as this matter may be heard, in Courtroom 1600 of the above-entitled Court, Respondent Sidney Mendoza will, and hereby does, move this Court for a Motion to Dismiss Petitioners claims in its entirety and requests sanction of $7,537.44.

Respondent Sidney Mendoza (hereinafter "Mendoza") brings this motion to dismiss Petitioners Golden State Foods, Corp. (hereinafter "Golden State") and Brian Dick's petition to compel arbitration under Rules 12(b)(l) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

This motion is made upon the grounds that Petitioners' Petition to Compel Arbitration lacks subject matter jurisdiction under FRCP § 12b-1, and fails to state a claim upon which relief can be granted under FRCP 12b-6. As set forth in greater detail below, federal question jurisdiction does not exist as Respondent's complaint, which was originally pled in Los Angeles Superior Court, allege only state law employment claims, and do not invoke even a hint of any federal question. Further, the arbitration agreement, on which Petitioners based their petition, does not follow minimum Armendariz standards, fails to follow basic contract law, and is completly devoid of conscionability.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 19, 2014 when Petitioners' counsel would not agree to dismiss this Petition. CD Cal Civ LR 7-3. (Silverman Decl. ¶ 2)

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities served and filed herewith, the Declarations of Justin Silverman, Esq., Tessa King, Esq., and Sidney Mendoza, attached hereto, Respondent's Evidentiary Objections, served and filed herewith, court records and documents, and on all such other oral and documentary evidence as may be received at the hearing of this motion.

DATED: September 30, 2014    REISNER & KING LLP

By:   /s/ Justin Silverman
Justin Silverman, Esq., Attorney for
Respondent Sidney Mendoza

2

# **<u>TABLE OF CONTENTS</u>**

MEMORANDUM OF POINTS & AUTHORITIES ............................................. 1

I.      INTRODUCTION .................................................................................... 1

II.     STATEMENT OF FACTS ....................................................................... 2

III.    LEGAL AUTHORITY ............................................................................. 4

IV.     LEGAL ARGUMENT .............................................................................. 4

A. THE INSTANT PETITION TO COMPEL ARBITRATION SHOULD BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION TO ENTERTAIN IT UNDER FRCP 12(B)(1) ................................................................................................ 4

   1. Respondent's (Plaintiff's) Complaint Involves Only State Law Causes of Action ................................................................................ 4

   2. Respondent's Exhibits Are Irrelevant To Determine Federal Question, Thus Subject Matter Jurisdiction Does Not Exist ............. 5

   3. A Petition To Compel Arbitration Under the FAA Does Not Invoke Federal Question Jurisdiction .......................................................... 7

B. GOLDEN STATE'S PETITION TO COMPEL ARBITRATION SHOULD BE DISMISSED UNDER FRCP 12(B)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED   7

   1. Petitioners Cannot Invoke The Arbitration Agreement Because A Petition To Compel Arbitration Has Been Brought Over 60 Days After Respondent Served His Complaint, Which Violates The Instant Arbitration Agreement's Own Terms ................................................ 7

   2. Petitioners' Claim Should Be Dismissed Because Petitioners Failed to Remove this State Court Action to Federal Court, and this Petition Should Have Been Brought in State Court ....................................... 8

   3. The Arbitration Agreement Is Further Unenforceable As It Does Not Provide The Protections Required Under the California Supreme Court's Ruling in *Armendariz* ....................................................... 9

      a) The Arbitration Agreement Fails to Provide for Written Decisions Subject To Limited Judicial Review .................. 9

      b) The Arbitration Agreement Fails to Provide for a Neutral Arbitrator ........................................................................ 10

      c) The Arbitration Agreement Requires Plaintiff to Pay Either Unreasonable Costs or Any Arbitrators' Fees or Expenses As A Condition of Access to the Arbitration Forum ......... 11

i

        d)  The Arbitration Agreement Fails to Provide For Adequate Discovery ........................................................................ 12

    4.  The Arbitration Agreement Is Further Procedurally and Substantively Unconscionable .................................................................. 13

        a)  Petitioners Unlawfully Predicated Respondent's Continued Employment on Signing the Arbitration Agreement, Thus the Agreement is Procedurally Unconscionable ............... 14

        b)  The Arbitration Agreement Lacks Mutuality ................... 15

        c)  Respondent Did Not Sign Petitioners' Arbitration Agreement and Thus, Petitioners' Alleged Arbitration Agreement is Unconscionable and Unenforceable ............ 16

        d)  Respondent Was Not Provided With the Arbitration Rules Constituting Procedural "Surprise" and Substantive Unconscionability ............................................................. 16

        e)  The Arbitration Agreement Does Not Designate An Arbitration Forum ............................................................ 17

    5.  Petitioner Dick Is Not A Party to The Arbitration Agreement, Rendering It Unenforceable .............................................................. 15

    6.  Respondent's Employment Contract Is Not Regulated by The FAA As It Does Not Involve Interstate Commerce ................................... 18

    7.  The Arbitration Agreement Must Be Voided in Its Entirety ........... 19

V.    REQUEST FOR SANCTIONS .................................................... 19

VI.   CONCLUSION .......................................................................... 20

**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS PETITIONER'S PETITION TO COMPEL ARBITRATION BASED ON FRCP RULE 12B-1 AND 12B-6 AND REQUEST FOR SANCTIONS OF $7,537.44**

# <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

<u>Buckeye Check Cashing, Inc. v. Cardegna</u>, (2006) 546 U.S. 440, 445 ................ 18

<u>California ex rel. Harris v. Rose</u>, (E.D. Cal. May 15, 2013) CIV. S-13-0675 LKK/D, 2013 WL 214596811 ...................................................................... 1, 5, 6

<u>Caterpillar Inc. v. Williams</u>, (1987) 482 U.S. 386, 392 ........................................... 5

<u>Carter v. Health Net of Calif, Inc.</u>, (9th Cir. 2004) 374 F.3d 830, 835-36 ............ 7

<u>Doctor's Assocs., Inc. v. Casarotto</u> (1996) 517 US 681, 687 ......................... 13, 17

<u>Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, (9th Cir. 1993) 7 F.3d 882, 884 .......................................................................................................................... 7

<u>Franchise Tax Board v. Construction Laborers Vacation Trust</u>, (1983) 463 U.S. 1, 27-28 ...................................................................................................................... 5

<u>Gully v. First National Bank</u>, (1936) 299 U.S. 109, 113 ........................................ 5

<u>Murray v. United Food & Comm Workers Int'l Union</u> (2002) 289 F.3d 297 ....... 10

<u>Murphy v. Inexco Oil Co.</u>, (Tex. Ct. App. 1980) 611 F.2d 570 (1987) 482 U.S. 483 ...................................................................................................................... 4

<u>Perry v. Thomas</u> (1987) 482 US 483, 492 ........................................................... 13

<u>Rainier Credit Co. v. Western Alliance Corp.</u> (1985) 171 Cal.App.3d 255, 264 ... 8

<u>Rogers v. Rucker</u> (N.D.Ga.1993) 835 F.Supp. 1410, 1412 .................................... 7

<u>Southland Corp. v. Keating</u>, (1984) 465 U.S. 1, 16 ................................................. 7

<u>Shankle v. B-G Maintenance Management of Colorado, Inc.</u>, (10 Cir. 1999) 163 F.3d 1230 ............................................................................................................ 11

<u>Takeda v. Northwestern Nat. Life Ins. Co.</u>, (9th Cir. 1985) 765 F.2d 815, 821-822 ...................................................................................................................... 5

<u>United Phosphorus, Ltd. v. Angus Chemical Co.</u>, (Ill. Ct. App. 2003) 322 F.3d 942 ...................................................................................................................... 4

U.S. Bank National Assoc. ND v. Strand, (D. Or. 2002) 243 F.Supp.2d 1139, 1145 .................................................................................................. 7, 8, 9

**California State Cases**

A & M Produce Co. v. FMC Corp., (1982) 186 Cal.Rptr. 114 ............................. 14

Abramson v. Juniper Networks, Inc., (2004) 115 Cal.App.4th 638 ..................... 15

Alan v. Superior Court, (2003) 111 Cal.App.4th 217 ........................................ 5, 17

Armendariz v. Foundation Health Psychcare Services, Inc., (2000) 24 Cal.4th 83 ........................................................................................................ passim

In re Gaynes, (9th Cir. 1983) 27 B.R. 161 ........................................................ 16

Fitz v. NCR Corp., (2004) 118 Cal.App.4th 702 ............................................... 16

Harper v. Ultimo, (2003) 113 Cal.App.4th 1402 ............................................... 16

Lazarus v. Titmus, (1998) 64 Cal. App. 4th 1242 ............................................. 18

Little v. Auto Steigler, Inc., (2003) 29 Cal.4th 1064 .......................................... 10

Matthau v. Superior Court, (2007) 151 Cal.App.4th 593 ................................. 18

McManus v. CIBC World Markets Corp., (2003) 109 Cal.App.4th 76 ............... 14

Mitri v. Arnel Mgmt. Co., (2007) 157 Cal.App.4th 1164 ............................... 7, 13

Mercuro v. Superior Court (2002) 96 Cal.App.4th 167 ................................. 10, 11

Nyulassy v. Lockheed Martin Corp. (2004) 120 Cal.App.4th 1267 ................... 15

Trivedi v. Curexo Technology Corp., (2010) 189 Cal. App.4th 387 ................... 17

Zullo v. Superior Court, (2011) 197 Cal.App.4th 477 ............................... 4, 14, 16

**Statutes**

9 U.S.C. § 1, 4 ................................................................................................ 7

28 U.S.C. § 1331 ............................................................................................ 4

Cal. C.C.P. §1281.2(c) .................................................................................. 18

Cal. C.C.P §1281.2 ....................................................................................... 18

Cal. Civil Code § 1580 .................................................................................. 17

Cal. Civ. Code § 1654 .................................................................................. 7-8

iv

Cal. Gov. Code §§ 12940 et seq. ......................................................... 2

Cal. Labor Code § 1102.5 ..................................................................... 2

Cal. Labor Code § 1102.5 ..................................................................... 2

Mil. & Vet. Code §§ 394 et seq. ........................................................... 2

Mil. & Vet. Code §§ 394.5 et seq. ....................................................... 2

**Rules**
L.R. 7-3 ................................................................................................. 2

L.R. 83-7 ............................................................................................. 19

FRCP 12(b) ................................................................................. passim

**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS PETITIONER'S PETITION TO COMPEL ARBITRATION BASED ON FRCP RULE 12B-1 AND 12B-6 AND REQUEST FOR SANCTIONS OF $7,537.44**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Petitioners' Petition to Compel arbitration must be dismissed according to Federal Rules of Civil Procedure ("FRCP") 12b-1and 12b-6. In an abundance of caution, Respondent has also separately filed an opposition to this instant Petition, and a motion to dismiss based on FRCP 12b(5). In the interest of judicial efficiency, and to not waste you Honor's time, Respondent alerts the Court the opposition makes similar arguments as this instant motion to dismiss.

To start, no subject matter jurisdiction based on federal question exists in this instant federal claim. Respondent filed an initial complaint in state court, on which this instant petition is based, alleging all and *only* state law claims. (See Respondent's state court Complaint attached hereto as Declaration of Justin Silverman, Ex. A). Indeed, not even one of Respondent's causes of action involves a federal question. Additionally, as part of the complaint in state court, Respondent attached as an exhibit, a Department of Fair Employment and Housing Act Right to Sue letter demonstrating he exhausted his administrative remedies. Yet, the fact that an exhibit to a complaint mentions a federal law is erroneous to creating a federal question. (California ex rel. Harris v. Rose, (E.D. Cal. May 15, 2013) CIV. S-13-0675 LKK/D, 2013 WL 2145968). Thus this claim must be dismissed under FRCP 12b-1.

Further, Golden State's Petition to Compel Arbitration should be dismissed under FRCP 12b-6 for failure to state a claim upon which relief can be granted. Indeed, the Petition fails on all aspects of upholding an alleged arbitration agreement. First, the agreement fails to meet the minimum requirements as set forth in Armendariz v. Foundation Health Psychcare Services, Inc., the California Supreme Court's decision regarding arbitration agreements for employment FEHA causes of action, including but not limited to: (1) judicial review, (2) a

neutral arbitrator; (3) preventing unreasonable costs and (4) adequate discovery. <u>Armendariz v. Foundation Health Psychcare Services, Inc</u>., (2000) 24 Cal.4th 83, 10; see also Silverman Decl., Ex. B, Arbitration Agreement.

Moreover, the agreement is procedurally and substantively unconscionable, and fails to follow basic contract law. **For example, Petitioner Golden State did not even sign the arbitration agreement**. (See Mendoza Decl., ¶3-4). Still, the Arbitration Agreement itself provides for 60 days from service of the complaint to require the claim to be arbitrated. Here, 62 days passed between service of this complaint in Los Angeles Superior court and this instant petition. For these reasons, among others demonstrated below, the instant petition to compel arbitration must be dismissed.

## II.

## STATEMENT OF FACTS

On July 8, 2014, Respondent (as a Plaintiff) filed a complaint in Los Angeles Superior Court (hereinafter referred to as "Complaint") alleging all state law employment causes of action. (See Silverman Decl., Ex. A, Complaint). The Complaint alleged against Petitioners Golden State and Dick: (1)-(3) Military Status Harassment, Discrimination, and Retaliation, Violation of California <u>Gov. Code</u> §§ 12940 et seq.; (4) Discrimination Against Member of Military, Violation of California <u>Mil. & Vet. Code</u> §§ 394 et seq.; (5) Violation of Military Leave of Absence Law, California <u>Mil. & Vet</u>. Code §§ 394.5 et seq.; (6) Whistleblower Violation, California <u>Labor Code</u> § 1102.5; (7) Intentional Infliction of Emotional Distress; and (8) Retaliation and Wrongful Termination in Violation of Public Policy. Petitioners (as Defendants) answered the complaint on August 25, 2014 and discovery commenced.

Within the complaint, Respondent attached a Department of Fair Employment and Housing Act ("DFEH") Right to Sue letter. This letter is required to bring a DFEH claim, such as harassment, discrimination, or retaliation

**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS PETITIONER'S PETITION TO COMPEL ARBITRATION BASED ON FRCP RULE 12B-1 AND 12B-6 AND REQUEST FOR SANCTIONS OF $7,537.44**

based on a protected class. It is attached to the complaint purely to show a plaintiff has exhausted all administrative remedies. As part of the DFEH charge, Respondent briefly mentioned, in one sentence of a lengthy letter, that Petitioners violated a federal law—USSERA. (Decl. Silverman, Ex. A) However, nowhere in the complaint does it reference this law again, or reference the substance of the DFEH charge, other than exhausting administrative remedies. (Id.)

As part of the discovery process in the state court action, Petitioners, through their counsel, Rodney Moore, Esq., requested an extension to discovery, which Respondents counsel, Mr. Justin Silverman, Esq., would normally have granted. However, Mr. Moore did so after the discovery's due date. Mr. Silverman offered he would not file a motion to compel as a professional courtesy and to avoid overburdening the court, however, Petitioner's objections would still be waived (Silverman Decl. ¶ 4). Petitioners' counsel, Rodney Moore, in retaliation and unsolicited, called Mr. Silverman a **"fast and loose"** attorney, and told him via e-mail he had a **"special protocol" for fast and loose attorneys.** (Silverman Decl. ¶ 4, see Ex. D). As part of this "special protocol" Petitioners now bring this separate Federal Action as a petition to compel arbitration arguing the DFEH charge creates a federal question. Respondent in return brings this instant motion to dismiss Petitioners' claim in its entirety.

Previously, upon Petitioner Golden State initially hiring Respondent Mendoza, they allegedly provided him with a vague one page arbitration agreement. **Respondent was mandated to sign the agreement** in order to continue his employment with Petitioners. Indeed Respondent felt pressured to do so. (Mendoza Decl. ¶3, 6, Silverman Decl., Ex. B, ¶ 3). Additionally, Petitioners failed to provide Respondent with a copy of the Federal Arbitration Act rules, or any rules, which were specifically referenced in the arbitration agreement. (Mendoza Decl. ¶7). Ultimately, on or around July 17, 2013 Respondent Mendoza was wrongfully and pretextually terminated based on his membership in the

military. (See Silverman Decl., Ex. B, Complaint ¶ 6). Petitioners now seek to enforce this alleged arbitration agreement.

**III.**
**LEGAL AUTHORITY**

Under Federal Rules of Civil Procedure Rule 12b(1) and (6), a party may assert the defense of lack of subject matter jurisdiction or failure to state a claim in a motion to dismiss. (FRCP 12b(1) and (6)). The burden of proof on issue raised by motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction. United Phosphorus, Ltd. v. Angus Chemical Co., (Ill. Ct. App. 2003) 322 F.3d 942. Further, if jurisdiction is established, the merits of a claim may be tested at the pleading stage by a motion to dismiss for failure to state a claim. Murphy v. Inexco Oil Co., (Tex. Ct. App. 1980) 611 F.2d 570.

**IV.**
**LEGAL ARGUMENT**

**A. THE INSTANT PETITION TO COMPEL ARBITRATION SHOULD BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION TO ENTERTAIN IT UNDER FRCP 12(B)(1).**

Respondent's claims involve only state law issues. Thus, Golden State's Petition in federal court must be dismissed pursuant to FRCP 12b-1. Indeed, Golden State ignores the fact Respondent's state court complaint alleges all and *only* California State law employment causes of actions. (See Complaint attached hereto as Silverman Decl., Ex. A). Thus, because Respondent's claims do not invoke any Federal Questions, Golden State's petition to compel arbitration must be dismissed under FRCP 12b-1.

**4. Respondent's (Plaintiff's) Complaint Involves Only State Law Causes of Action**

Respondent's claims do not invoke any federal law, as his state court complaint alleges only state law claims. Under 28 U.S.C. § 1331, the federal courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. An action arises under federal law within the

4

meaning of Section 1331 if either: (1) federal law creates the cause of action, or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. <u>Franchise Tax Board v. Construction Laborers Vacation Trust</u>, (1983) 463 U.S. 1, 27-28. The courts have long held that "the presence or absence of federal-question jurisdiction is governed by the 'well-plead complaint,' which provides that federal jurisdiction exists only when a federal question is presented on the **face of the plaintiff's properly pleaded complaint.**" <u>Caterpillar Inc. v. Williams</u>, (1987) 482 U.S. 386, 392. "The federal question 'must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.' " <u>Takeda v. Northwestern Nat. Life Ins. Co.</u>, (9th Cir. 1985) 765 F.2d 815, 821-822, citing <u>Gully v. First National Bank</u>, (1936) 299 U.S. 109, 113.

As shown above, **all of Respondent's causes of actions are state law.** In fact, these causes involve only the Fair Employment and Housing Act, the California Military and Veteran Code, California Labor Code Whistleblower Statutes, and two intentional tort claims including Intentional Infliction of Emotional Distress, and Wrongful Termination in Violation of Public Policy. All of these statutes deal only with California law, do not hinge on federal law, and thus, do not invoke even a shred of federal question.

### 5. <u>Respondent's Exhibits Are Irrelevant To Determine Federal Question, Thus Subject Matter Jurisdiction Does Not Exist.</u>

It is well established that "just because the complaint discusses a federal doctrine does not mean that the complaint presents a federal question. The test remains whether "a right or immunity created by the Constitution or laws of the United States [is] an element, **and an essential one**, of the plaintiff's cause of action." <u>California ex rel. Harris v. Rose</u>, (E.D. Cal. May 15, 2013) CIV. S-13-0675 LKK/D, 2013 WL 2145968 citing <u>Gully v. First Nat. Bank</u>, (1936) 299 U.S. 109, 112; see also 14B Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 3722 (4th ed. 2013) (emphasis added). Indeed, **"the mere reference**

**to some aspect of federal law in the complaint does not automatically mean that an action is removable."** <u>California ex rel. Harris</u>, *supra*, WL 2145968.

The court in <u>California</u> goes on to discuss and uphold the theory that:

> " 'it is not uncommon for a plaintiff to allege not only the claim but to anticipate and rebut a defense or to plead something else irrelevant to the claim itself. The well-pleaded complaint rule stands for the proposition that the court, in determining whether the case arises under federal law, will look only to the claim itself and ignore any extraneous material' "

<u>Id</u>. citing <u>Rogers v. Rucker</u> (N.D.Ga.1993) 835 F.Supp. 1410, 1412. Ultimately, in <u>California ex rel. Harris</u>, the court held that a pre-suit cease-and-desist letter attached as an exhibit to the complaint, which discussed United States Tribal Law did not invoke federal jurisdiction because the complaint actually alleged only California violations of law. <u>California ex rel. Harris</u>, *supra*, WL 2145968

Similarly, here, as discussed above, Respondent clearly pled only state law violations. Indeed, Petitioner only briefly mentions a federal law in one sentence of an exhibit to the complaint in the Department of Fair Employment and Housing Charge ("DFEH"). The federal law briefly mentioned is the <u>Uniformed Services Employment and Reemployment Rights Act</u> of 1994 ("USERRA"). While Respondent allegedly mentions USSERA in merely one sentence of a lengthy DFEH charge, he does not mention it whatsoever in his complaint. Further, the filing of a DFEH charge (but not USERRA) is discussed in the complaint only to the extent that Respondent exhausted his administrative remedies required by the FEHA. Thus, while USERRA is mentioned in the DFEH, it is wholly irrelevant to the complaint and claim itself. Specifically, the DFEH charge is not discussed in the complaint as to its merits, contents, subject matter, or any other substantive argument, but merely to show Respondent exhausted his administrative remedies.

Accordingly, the Court must *ignore any extraneous material* and therefore should not find subject matter jurisdiction in this matter. To do so would be a stretch of the imagination, and would contravene prior case law and the well pleaded complaint rule.

**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS PETITIONER'S PETITION TO COMPEL ARBITRATION BASED ON FRCP RULE 12B-1 AND 12B-6 AND REQUEST FOR SANCTIONS OF $7,537.44**

### 6.  A Petition To Compel Arbitration Under the FAA Does Not Invoke Federal Question Jurisdiction

The FAA does not create a basis for federal subject matter jurisdiction. 9 U.S.C. § 1, 4. Arbitration provisions can be enforced in original federal court proceedings only when federal jurisdiction is established. <u>Southland Corp. v. Keating</u>, (1984) 465 U.S. 1, 16; <u>Carter v. Health Net of Calif, Inc.</u>, (9th Cir. 2004) 374 F.3d 830, 835-36 (remanding opposing petitions to vacate and confirm an arbitration award for lack of jurisdiction); <u>Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, (9th Cir. 1993) 7 F.3d 882, 884 (dismissing for lack of federal jurisdiction a petition to vacate arbitrator's award under the FAA); <u>U.S. Bank National Assoc. ND v. Strand</u>, (D. Or. 2002) 243 F.Supp.2d 1139, 1145 (dismissing a petition to compel arbitration for lack of subject matter jurisdiction; **noting that the petitioner could have filed in state court**). Thus, a petition to compel arbitration under the FAA does not confer federal question jurisdiction.

### B.  GOLDEN STATE'S PETITION TO COMPEL ARBITRATION SHOULD BE DISMISSED UNDER FRCP 12(B)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Assuming, *arguendo,* that this Court does not lack jurisdiction to decide this dispute, Golden State's petition to compel arbitration must be dismissed for failure to state a claim upon which relief can be granted.

### 1.  Petitioners Cannot Invoke The Arbitration Agreement Because A Petition To Compel Arbitration Has Been Brought Over 60 Days After Respondent Served His Complaint, Which Violates The Instant Arbitration Agreement's Own Terms.

According to the instant Arbitration Agreements own terms, the matter must be required to be arbitrated within 60 days of a party filing a complaint in court. (See Silverman Decl., Ex. B ¶ 4). California contract law applies to determine whether the parties formed a valid agreement to arbitrate. <u>Mitri v. Arnel Mgmt. Co.</u>, (2007) 157 Cal.App.4th 1164.

Thus under state law, any **inconsistencies in an agreement should be weighed in favor of the non-drafter** of the contract. California <u>Civ. Code</u> §

1654. "In cases of uncertainty…the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist. Id.; see also Rainier Credit Co. v. Western Alliance Corp. (1985) 171 Cal.App.3d 255, 264 ("…ambiguities are resolved against the drafter of the contract…"). As Petitioner was the drafter of the Arbitration Agreement, any inconsistency as to which date to use, with regards to the 60-day mark, should be weighed in favor of Respondent.

Here, Respondent filed a complaint in Los Angeles Superior Court and served it on Petitioners on July 11, 2014. (See Proof of Service attached hereto as Silverman Decl., Exhibit C). However, Petitioners did not serve this instant petition on Respondent's until September 10, 2014. (See Proof of Service attach to Petitioner's Petition to Compel Arbitration). This is over 60 days later; indeed it is 61 or even 62 days later, depending on whether the Court counts the day of service. Regardless, this instant petition was filed over 60 days later—in violation of the arbitration agreement itself.

Respondent may attempt to argue they requested the matter be brought for arbitration at an earlier date. However this is not what the calculation is based on. The date to calculate the 60 day mark is on the day arbitration is "required," and as stated, ambiguities must be resolved in favor of Respondent. (See Silverman Decl., Ex. B, ¶ 4).

**2. Petitioners' Claim Should Be Dismissed Because Petitioners Failed to Remove this State Court Action to Federal Court, and this Petition Should Have Been Brought in State Court.**

Petitioners did not file a removal for Respondent's state court action, and now they are improperly attempting to bring this Petition in Federal Court. Indeed, Federal courts have looked down upon Petitioners attempting to compel arbitration in Federal court where there was any issue as to subject matter jurisdiction, especially when the petitioner could have easily done so in state court without said issue. U.S. Bank Nat. Ass'n ND v. Strand, (D. Or. 2002) 243 F. Supp.

8

2d 1139, 1145. Indeed, in <u>U.S. Bank Nat. Ass'n ND</u>, the court dismissed the petition to compel arbitration and commented that "instead of filing its petition to compel arbitration in this court, which lacks jurisdiction, or in the United States District Court of the Central District of California, which may lack venue, it could have filed its petition to compel arbitration in state court, which has both jurisdiction and venue." (<u>Id.</u>) The court seemed to take offense to Petitioners unnecessarily bringing a Petition in Federal Court as opposed to State court.

Similarly, here, Respondent filed a claim in Los Angeles Superior Court. Petitioner could have either removed the claim to federal court and then brought this instant Petition, or simply filed a Motion to Compel Arbitration in state court. However, Petitioners blew their time frame to remove and are now trying to circumvent rules of court to unnecessarily bring this motion in federal court. As such, this case should be dismissed and litigated in Los Angeles Superior Court.

**3. <u>The Arbitration Agreement Is Further Unenforceable As It Does Not Provide The Protections Required Under the California Supreme Court's Ruling in <i>Armendariz</i>.</u>**

Petitioners take Armendariz out of context in their moving papers. Where the employee claims FEHA violations, the following elements of "essential fairness" are *minimum* safeguards required in arbitration agreements: a neutral arbitrator; adequate discovery; all types of relief otherwise available in court; a written arbitration award that permits limited judicial review; and the employer must pay arbitrator's fees and all costs unique to arbitration. <u>Armendariz v. Foundation Health Psychcare Services, Inc.</u>, *supra*, 24 Cal.4th at 102, 118. Here, Petitioners' alleged arbitration agreement does not even comply with these *minimum* requirements and thus, is unenforceable.

**a) <u>The Arbitration Agreement Fails to Provide for Written Decisions Subject To Limited Judicial Review.</u>**

Armendariz requires a written arbitration decision to allow for meaningful judicial review. <u>Armendariz v. Foundation Health Psychcare Services, Inc.</u>, supra, 24 Cal.4th at 102. An arbitration agreement must further "ensure minimum

9

standards of fairness" so employees can vindicate their public rights. <u>Little v. Auto Steigler, Inc.</u>, (2003) 29 Cal.4th 1064, 1080. Here, the arbitration agreement does not provide for a written decision or judicial review of the arbitration award. (See Gastelum Decl. Ex. A, p. 11). The arbitration agreement specifically states, "**the decision and award of the subject arbitrator shall be final, binding, and enforceable in the courts**." (See Silverman Decl. Ex. A, ¶4). Such language clearly prevents Plaintiff from lawfully provided limited judicial review. On this ground alone, the arbitration agreement should be held unconscionable and unenforceable.

### b) The Arbitration Agreement Fails to Provide for a Neutral Arbitrator

An arbitration agreement is unenforceable as unconscionable and in opposition to the minimum safeguards set in <u>Armendariz</u> when it places control over the selection of the arbitrator of employment disputes in the hands of the employer. <u>Murray v. United Food & Comm Workers Int'l Union</u> (2002) 289 F.3d 297. The Arbitration agreement written by Petitioners selects the American Arbitration Association ("AAA"), JAMS, or any other professional ADR provider as the arbitrator, as opposed to the final decision being made by the court. Resistance to AAA or JAMS is common by plaintiffs since these panels seem to favor "repeat players," specifically employers. Indeed, it has been noted by the Supreme Court the fact an employer who repeatedly appears before the same group of arbitrators conveys distinct advantages over the individual employee. <u>Mercuro v. Superior Court</u> (2002) 96 Cal.App.4th 167, 178; see also <u>Armendariz</u>, supra, 24 Cal.4th at 111.

The designation of an arbitration association in what appears to be a standard arbitration agreement applicable to a number of employees gives rise to a significant risk of financial interdependence between the employer and the arbitrator, and an opportunity for [the employer] to gain an advantage through its knowledge of and experience with the arbitrator. See <u>Armendariz</u>, supra, 24

10

RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS PETITIONER'S PETITION TO COMPEL ARBITRATION BASED ON FRCP RULE 12B-1 AND 12B-6 AND REQUEST FOR SANCTIONS OF $7,537.44

Cal.4th at p. 115; <u>Mercuro v. Superior Court</u>, (2003) 96 Cal.App.4th 167, 178. In <u>Armendariz</u>, the court acknowledged "[v]arious studies show that arbitration is advantageous to employers ... because it reduces the size of the award that the employee is likely to get, particularly if the employer is a 'repeat player' in the arbitration system." <u>Armendariz</u>, 24 Cal.4th at 115. Here the employer has selected AAA, JAMS, or a "professional ADR provider," and is by virtue of having it as part of a standard agreement, securing the position as a repeat player. Indeed, Petitioner admits they have approximately 4,500 employees—quite a few opportunities for arbitration. (Petition, Decl. of Brian Dick, ¶ 4). Together with the other lack of <u>Armendariz</u> minimum safeguards, the arbitration agreement is unconscionable and unenforceable.

### c)  The Arbitration Agreement Requires Plaintiff to Pay Either Unreasonable Costs or Any Arbitrators' Fees or Expenses As A Condition of Access to the Arbitration Forum.

In <u>Armendariz</u>, the Court expressly ruled a fee-sharing arrangement in a pre-dispute arbitration agreement that requires the employee to bear any type of expense he would not otherwise bear in court is unlawful:

> [W]e conclude that when an employer imposes mandatory arbitration as a condition of employment, **the arbitration agreement or arbitration process cannot generally require the employee to bear any *type* of expense that the employee would not be required to bear if he or she were free to bring the action in court**. This rule will ensure that employees bringing FEHA claims will not be deterred by costs greater than the usual costs incurred during litigation, costs that are essentially imposed on an employee by the employer. <u>Armendariz v. Foundation Health Psychcare Services, Inc.</u>, supra, 24 Cal.4th at 102, 110-111.

Moreover, <u>Armendariz</u> recognized that "it is not only the costs imposed on the claimant **but the *risk* that the claimant may have to bear substantial costs that deters the exercise of the constitutional right of due process.**" <u>Id</u>. at 110.

Additionally, in <u>Shankle</u>, where the court found the arbitration agreement unenforceable, the plaintiff could not afford the arbitrator's fee and it was unlikely other similarly situated employees could either. <u>Shankle v. B-G Maintenance</u>

Management of Colorado, Inc_, (10 Cir. 1999) 163 F.3d 1230, 1234-35. The Court found the agreement prohibited "use of the judicial forum, where a litigant is not required to pay for a judge's services, and the prohibitive cost substantially limited use of the arbitral forum… Such a result clearly undermines the remedial and deterrent functions of the federal anti-discrimination laws." Id.

Here, the Agreement has Respondent Mendoza having to bear substantial costs, which he cannot afford, as the agreement requires the Petitioner company to pay only for "reasonable" fees. Thus, the agreement leaves it up to Petitioner to determine which costs they will pay for. (See Silverman Decl., Ex. B). Further, **the agreement requires Respondent Mendoza to pay a filing fee**. (Silverman Decl., Ex. B). **In fact, the AAA filing fee is upwards of $11,450!** (https://www.adr.org/aaa/ShowPDF?doc=ADRSTG_012009 ). This further places unreasonable costs onto him, as he has no option to waive the fee as he does in court, and indeed he already paid a fee in Los Angeles Superior Court to file his complaint. Accordingly, Petitioner's alleged arbitration agreement does not meet any of the mandated factors listed in Armendariz, and therefore is unconscionable and unenforceable.

### d) The Arbitration Agreement Fails to Provide For Adequate Discovery.

Adequate discovery is indispensable for the vindication of FEHA claims. Armendariz, *supra*, 24 Cal.4th at 102, 104. "The denial of adequate discovery in arbitration proceedings leads to the de facto frustration of the employee's statutory rights…." Id. at 104. As the Agreement in this case allows for restrictions on discovery, minimum Armendariz safeguards have not been met.

Contrary to Petitioners' argument, the arbitration agreement at issue in this case does not provide for adequate discovery. The Agreement neglects to provide for any discovery at all, other than mentioning discovery shall be in accordance with applicable state law *if otherwise required.* (See Silverman Decl., Ex. B, ¶ 5)

12

RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS PETITIONER'S PETITION TO
COMPEL ARBITRATION BASED ON FRCP RULE 12B-1 AND 12B-6 AND REQUEST FOR
SANCTIONS OF $7,537.44

(emphasis added). First, the agreement fails to set any ground rules for discovery, meaning that an arbitrator would be open to limit discovery more than in a court of law. Still, the agreement does not state the arbitrator shall issue such orders as necessary to ensure that discovery relevant to the FEHA claims are made. Further, the language "if otherwise required" is completely vague and ambiguous. For example, it could provide that discovery will follow applicable state law *only* if otherwise required. Thus, if state law does not mention arbitration discovery rules, an arbitrator may take this clause to allow him or her to limit discovery. As such, the agreement does not provide the *minimum* standards required under Armendariz, and thus cannot be upheld.

**4.  The Arbitration Agreement Is Further Procedurally and Substantively Unconscionable.**

In addition to failing to meet basic contract law and minimum Armendariz standards, the arbitration agreement is also procedurally and substantively unconscionable. As discussed above, California contract law applies to determine whether the parties formed a valid agreement to arbitrate. Mitri v. Arnel Mgmt. Co., *supra* 157 Cal.App.4th 1164. Indeed, the grounds on which a contract may be revoked are governed by applicable state law. Perry v. Thomas (1987) 482 US 483, 492. Further, generally applicable contract defenses, such as fraud, duress or unconscionability, as determined under applicable state law, may be applied to invalidate arbitration agreements in federal court. Doctor's Assocs., Inc. v. Casarotto (1996) 517 US 681, 687.

The procedural and substantive elements need not be present to the same degree; "The more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." Armendariz v. Foundation Health Psychcare Services, Inc., *supra*, 24 Cal.4th at 114.

Substantive unconscionability refers to overly harsh or unjustifiable one-sided results. A contract is largely an allocation of risks between the parties. A

contractual term is substantively suspect if it allocates the risks in an unreasonable or unexpected manner. <u>A & M Produce Co. v. FMC Corp.</u>, (1982) 186 Cal.Rptr. 114 at p. 487. Procedural unconscionability focuses on two factors, oppression and surprise. "Oppression arises from an inequality of bargaining power which results in no real negotiation and 'an absence of meaningful choice. Surprise involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in the prolix printed form drafted by the party seeking to enforce the disputed terms.'" <u>Zullo v. Superior Court</u>, (2011) 197 Cal.App.4th 477.

### a) Petitioners Unlawfully Predicated Respondent's Continued Employment on Signing the Arbitration Agreement, Thus the Agreement is Procedurally Unconscionable.

Petitioners unlawfully predicated Respondent's continued employment on signing the arbitration agreement. In <u>Armendariz</u>, the Supreme Court held that when an employee is required to consent to arbitration as a condition of employment with no opportunity to negotiate, the agreement is procedurally unconscionable. <u>Armendariz v. Foundation Health Psychcare Services, Inc</u>., *supra*, 24 Cal.4th at 114-115. The Court stated, "[I]n the case of preemployment arbitration contracts, the economic pressure exerted by the employer on all but the most sought after employees may be particularly acute, for the arbitration agreement stands between the employee and necessary employment, and few employees are in a position to refuse a job because of an arbitration requirement." <u>Id.</u>; See also <u>McManus v. CIBC World Markets Corp.</u>, (2003) 109 Cal.App.4th 76, 91 ("[T]he arbitration clauses are procedurally unconscionable because they must be executed as a condition of employment.").

Here, the third sentence and paragraph of the arbitration agreement specifically states:

> "Also, **in consideration of the Company hiring me or continuing to employ me or promote me** and the mutual promises set forth herein, the Company and I, as well as its and my representatives, successors, and assigns agree that all claims relating to my hiring, employment with, promotion, or termination of employment from the

Company, shall be submitted to final and binding arbitration…" (Silverman Decl., Ex. B ¶ 3)(emphasis added).

Further, Respondent was not in the position to cease his employment with Petitioners based upon the inclusion of the arbitration provision. Thus, Golden State mandated Respondent sign the arbitration form as a condition of his continued employment, thereby making it a contract of adhesion and procedurally unconscionable. As such, Petitioners' arbitration agreement is therefore, unenforceable.

### b) The Arbitration Agreement Lacks Mutuality

The agreement is substantively unconscionable as it lacks any minutia of mutuality of the obligation to arbitrate. (See Silverman Decl., Ex. B). **"[T]he paramount consideration in assessing [substantive] conscionability is mutuality."** Nyulassy v. Lockheed Martin Corp. (2004) 120 Cal.App.4th 1267, 1281 citing Abramson v. Juniper Networks, Inc., (2004) 115 Cal.App.4th 638, 657. In Nyulassy, the Court found that because the employment agreement bound only the plaintiff, the arbitration clause plainly contained only a unilateral agreement to arbitrate, thus it was unconscionable. Id. at 1282. Further, in Nyulassy, the Court held that a bilateral agreement to arbitrate "settlement-related disputes" did not create a bilateral arbitration agreement because the agreement did not extend to *all* disputes. Id. at 1282.

Here, as in Nyulassy, the Arbitration Agreement requires only "claims relating to [Respondent's] hiring, employment with, promotion, or termination of employment" to be submitted to arbitration, but does not bind Petitioners. (See Silverman Decl. Ex. B, ¶ 3). In effect, the Agreement creates an exception to arbitrate certain claims beneficial to, and brought by Petitioners. For example, any copyright, trade secret, or proprietary rights claims would not be included in the requirement to arbitrate and may be litigated. Similar to Nyulassy, here this exception certainly negates any mutuality. Thus, the Agreement is substantively unconscionable.

### c) Respondent Did Not Sign Petitioners' Arbitration Agreement and Thus, Petitioners' Alleged Arbitration Agreement is Unconscionable and Unenforceable

**Petitioner did not sign the arbitration agreement**. For an enforceable contract to exist, the contract must have the signature of all parties to be bound. In re Gaynes, (9th Cir. 1983) 27 B.R. 161. Here, Respondent Petitioner's signature is nowhere to be found on the agreement, other than by an HR Representative acting as a "witness" to Petitioners signature. (See Silverman Decl., Ex. B). As such, Petitioners' arbitration agreement fails to meet contract requirements and is thus, unenforceable.

### d) Respondent Was Not Provided With the Arbitration Rules Constituting Procedural "Surprise" and Substantive Unconscionability.

Petitioners' arbitration agreement does not provide Respondent with the arbitration rules he would have to abide by during arbitration. (Mendoza Decl. ¶7). It also fails to adequately identify what these terms would be. (Mendoza Decl. ¶7.). It simply states the Agreement is **"…subject to the Federal Arbitration Act…"** and **"in accordance with the rules of the American Arbitration Association/JAMS/Endispute or other professional ADR-provider mutually selected…"** (See Silverman Decl., Ex. B ¶ 3).

In Harper, the Court of Appeals specifically held the failure to attach arbitration rules was not only procedurally but also substantively unconscionable and denied defendants' motion to compel arbitration. Harper v. Ultimo, (2003) 113 Cal.App.4th 1402, 1406. Similarly, in Fitz, the Court declined to enforce an arbitration agreement that incorporated rules without attaching them, stating this required employees "to go to another source to learn the full ramifications of the arbitration agreement." Fitz v. NCR Corp., (2004) 118 Cal.App.4th 702, 721. Additionally, in Zullo, the Court recognized unconscionability within the arbitration agreement due to the absence of providing the referenced rules. Zullo v. Superior Court (2011) 197 Cal.App.4th 477, 485. The Court also found it was oppressive to require the Respondent to make an independent inquiry to find the

RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS PETITIONER'S PETITION TO COMPEL ARBITRATION BASED ON FRCP RULE 12B-1 AND 12B-6 AND REQUEST FOR SANCTIONS OF $7,537.44

applicable rules in order to understand what she was about to sign. Id. at 1406; See also Trivedi v. Curexo Technology Corp., (2010) 189 Cal. App.4th 387, 393. Similarly, in Trivedi, Respondent was not given a copy of the arbitration rules referenced in the clause and the Court held a failure to provide a copy of the arbitration rules to which the employee would be bound supported a finding of procedural unconscionability. Trivedi v. Curexo Tech. Corp., (2010) 189 Cal.App.4th 387, 392.

Additionally, Respondent was not provided a copy of the statute/rules referenced under the Federal Arbitration Act or any other rules, making it impossible for him to understand what he was signing. (Mendoza Decl. ¶7). As demonstrated, there is no "mutual assent" as the terms in the arbitration agreement, including the unattached arbitration rules, demonstrate that all parties did not "agree upon the same thing in the same sense." See Civil Code § 1580. As such, the arbitration agreement is both substantively and procedurally unconscionable rendering it unenforceable.

### e) The Arbitration Agreement Does Not Designate An Arbitration Forum

An agreement to arbitrate before a particular forum is as integral a term of a contract as any other. Alan v. Superior Court, (2003) 111 Cal.App.4th 217. The arbitration agreement here remains completely silent as to designating an arbitration forum, also making it impossible for Respondent to understand what he was signing. Again, there is no "mutual assent" as the parties did not "agree upon the same thing in the same sense." See Civil Code § 1580. Thus, the arbitration agreement is unconscionable.

### 5. Petitioner Dick Is Not A Party to The Arbitration Agreement, Rendering It Unenforceable

As stated earlier, California law prevails when determining the unconscionability of an arbitration agreement. Doctor's Assocs., Inc., supra, 517 US at 687. The refusal to compel arbitration is appropriate where a party to the

arbitration agreement is involved in a pending action with third parties on claims arising out of the same transaction or series of related transactions, creating the possibility of conflicting rulings on common issues of fact or law. California <u>Code of Civil Procedure</u> §1281.2(c). Here, Petitioner Dick is <u>not</u> a party to the arbitration agreement as conceded by Petitioners. (See Petition, pg 10, ln. 25). Thus, arbitration cannot be compelled by Petitioners as there are third parties in this litigation whom Respondent has similar claims against. (See Respondent's State Court Complaint, Ex. A). Allowing Respondent's claims to proceed to arbitration as to these Petitioners would allow for conflicting rulings on common issues of law and fact.

Further, Petitioner Dick cannot be compelled to arbitration because he was not a signatory to the arbitration agreement. See <u>CCP</u> §1281.2; See <u>Lazarus v. Titmus</u>, (1998) 64 Cal. App. 4th 1242. In <u>Matthau v. Superior Court</u>, the Court held that **nonsignatories to an arbitration agreement were not bound by it.** <u>Matthau v. Superior Court</u>, (2007) 151 Cal.App.4th 593. Therefore, this third party Petitioner who is a non-signatory to the contract should not be held a party to it. As Respondent's litigation is pending with an admitted third party Petitioner, whose claims must be judicially litigated, his claims against Petitioner Golden State cannot go forward through arbitration as this would again give rise to conflicting rulings on common issues of law and fact in violation of Cal. <u>C.C.P.</u> § 1281.2(c) and in breach of contract law. Thus, the Court must deny Petitioners' petition to compel arbitration and dismiss their claim. <u>C.C.P.</u> § 1281.2 (c).

## 6. <u>Respondent's Employment Contract Is Not Regulated by The FAA As It Does Not Involve Interstate Commerce</u>

As interpreted by the Supreme Court, the FAA creates a uniform body of federal substantive law regulating the enforceability of agreements to arbitrate that applies to all contracts *involving interstate commerce*. <u>Buckeye Check Cashing, Inc. v. Cardegna</u>, (2006) 546 U.S. 440, 445. Here, contrary to Petitioner's contentions, Respondent's employment contract does not involve interstate

commerce. As stated above, Petitioner Golden State is a California entity and Respondent was employed in California. Further, Respondent worked in his position solely in California, and never partook in interstate commerce. (Mendoza Decl. ¶ 2) Mendoza merely supervised employees who were making ketchup and other sauces, but never partook in distribution, interstate commerce, or work other than simply overseeing a kitchen. (<u>Id</u>.) Indeed, while Petitioners make grandiose allegations that they distribute products all over the world, they fail to discuss, and fail to provide evidence of how Respondent *himself* partook in interstate commerce.

### 7.  <u>The Arbitration Agreement Must Be Voided in Its Entirety</u>.

Arbitration agreements that are "permeated" by unconscionability are unenforceable.  Such agreements may not be cured through reformation and augmentation. <u>Armendariz v. Foundation Health Psychcare Services, Inc</u>., supra, 24 Cal.4th at 122, 99. On its face, the arbitration agreement is so permeated with unlawful provisions that it cannot possibly be saved.

### <u>V. REQUEST FOR SANCTIONS</u>

The presentation to the Court of frivolous motions or opposition to motions (or the failure to comply fully with this rule) subjects the offender at the discretion of the Court to the sanctions of L.R. 83-7. Here, this Petition to compel arbitration is completely frivolous. Petitioner's counsel filed this Petition as retaliation for the denial of an extension to already late discovery. Indeed, as stated, Petitioners' counsel, Mr. Moore specifically and hostilely emailed Respondent's counsel to let him know he has a "special protocol" for "fast and loose" attorneys. As such, and because Mr. Moore has wasted this courts time, Petitioners must be sanctioned in the amount of Respondent's attorney's fees. Here, Respondent has accrued $7,537.44 in attorney's fees and costs on this novel motion. (Silverman Decl. ¶ 7-9; Tessa King Decl. ¶ 2-6).

///

**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS PETITIONER'S PETITION TO COMPEL ARBITRATION BASED ON FRCP RULE 12B-1 AND 12B-6 AND REQUEST FOR SANCTIONS OF $7,537.44**

# VI.
# CONCLUSION

For all of the foregoing reasons, Respondent respectfully requests that the Petitioners' petition to compel arbitration as well as this entire action be dismissed with prejudice and the Court award sanctions.

DATED: September 30, 2014      **REISNER & KING LLP**

By: /s/ JUSTIN SILVERMAN

JUSTIN SILVERMAN, Attorneys for Respondent Sidney Mendoza

# PROOF OF SERVICE OF DOCUMENT

I am employed in the county of Los Angeles, State of California; I am over the age of 18 years and not a party to the within action; my business address is 14724 Ventura Blvd., Suite 1210, Sherman Oaks, CA 91403

On **September 30, 2014**, I served true copies of the following document (s) described as: **RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS PETITIONER'S PETITION TO COMPEL ARBITRATION BASED ON FRCP RULE 12B-1 AND 12B-6 AND REQUEST FOR SANCTION OF $7,537.44,** on the interested parties in this action to:

Rodney Moore
Lewis Brisbois Bisgaard & Smith
1180 Peachtree Street NE, STE 2900
Atlanta, Georgia 30309

_____ **BY MAIL**: I enclosed the document(s) in a sealed envelope/package addressed and placed it for mailing, following our ordinary business practices. I am readily familiar with the mailing practice of my place of employment in respect to the collection and processing of correspondence and pleadings for mailing.  It is deposited with the United States Postal Service on that same day in the ordinary course of business with postage fully prepaid.

**X** _____ **BY FEDERAL EXPRESS/OVERNIGHT:** I caused such envelope(s) to be delivered via Federal Express Overnight for Wednesday to the U.S. District Court, Central Division.

_ **X** _ **ELECTRONICALLY** by using the Court's ECF/CM System.

_ **X** _ **(FEDERAL)   I declare under the penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.**

Executed on **September 30, 2014**, at Sherman Oaks, California.

/s/ Jon Ramone
Jon Ramone