RODNEY G. MOORE, ESQ.
rodney.moore@lewisbrisbois.com
State Bar ID No. 131971
Lewis Brisbois Bisgaard & Smith LLP
221 North Figueroa Street
Suite 1200
Los Angeles, CA 90012
Phone: 404-991-3788

Attorney for GOLDEN STATE FOODS CORP. and BRIAN DICK

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

_____

|  |  |
|---|---|
| GOLDEN STATE FOODS, CORP. and BRIAN DICK | CIVIL ACTION NO. 2:14-cv-07045 |
| Petitioners, | **FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO COMPEL ARBITRATION** |
| vs. | |
| SIDNEY MENDOZA, | (*9 U.S.C. § 4*) |
| Respondent | Date:  October 27, 2014 |
|  | Time:  10:00 a.m. |
|  | Judge:  Hon. Michael W. Fitzgerald |
|  | Ctrm:  1600 |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................ 2

II.     STATEMENT OF FACTS ................................................................. 3

     A.      Mendoza Signed An At-Will Acknowledgement And Pre-Dispute Resolution Agreement Agreeing To Final And Binding Arbitration For All Claims Relating To Employment With And Termination Of Employment With Golden State ......................................................... 3

III.    LEGAL AUTHORITY ....................................................................... 7

IV.     ARGUMENT ..................................................................................... 11

     A.      This Court Has Subject Matter Jurisdiction Under The Federal Arbitration Act To Issue An Order Compelling Arbitration Because Plaintiff Has Asserted A Claim Under The Uniformed Services Employment And Redevelopment Rights Act of 1994 ...................... 10

     B.      Mendoza's Claims And Defendants' Defenses Fall Within The Ambit Of The Parties' Arbitration Agreement ................................................. 15

          1.      To The Extent *Armendariz* Remains Viable, The Arbitration Agreement Conforms With It ................................................... 16

          2.      The Agreement Is Not Unconscionable ................................. 19

               a.      The Arbitration Agreement Is Not Procedurally Unconscionable ........................................................... 19

               b.      The Arbitration Agreement Is Not Substantively Unconscionable ........................................................... 21

               c.      Any Unconscionable Terms Could Be Severed ........... 23

     C.      A Stay Of Action Is Required As To All Of Plaintiff's Claims ....... 23

V.      CONCLUSION .................................................................................. 24

4827-1339-9326.1

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*AT&T Mobility LLC v. Concepcion*
  131 S.Ct. 1740 (2011) ...............................................................................9

*AT&T Tech., Inc. v. Commc'ns Workers of Am.*
  475 U.S. 643 (1986) ..............................................................................8, 16

*Celotex Corp. v. Catrett*
  477 U.S. 317 (1986) ................................................................................10

*Circuit City Stores, Inc. v. Adams*
  532 U.S. 105 (2001) ................................................................................10

*CompuCredit Corp. v. Greenwood*
  132 S.Ct. 665 (2012) .............................................................................8, 9

*Cox v. Ocean View Hotel Corp.*
  533 F.3d 1114 (9th Cir. 2008) ....................................................................13

*Green Tree Fin. Corp. v. Randolph*
  531 U.S. 79 (2000) ..................................................................................9

*Lee. v. Intelius, Inc.*
  737 F.3d 1254 (9th Cir. 2013) .....................................................................8

*Moses H. Cone Metn'1 Hosp, v, Mercury Const. Corp.*
  460 U.S. 1 (1983) .................................................................................8, 9

*Omstead v. Dell, Inc.*
  533 F.Supp. 2d 1012 (N.D. Cal 2008) ..........................................................10

*Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*
  925 F.2d 1136 (1991) ...............................................................................9

*Vaden v. Discovery Bank*
  556 U.S. 49 (2009) ................................................................................7, 8

CALIFORNIA CASES

*Armendariz v. Foundation Health Psychcare Servs.*
    24 Cal. 4th 83 (2000) ......................................................16, 17, 18, 19, 21, 23

*Bloniarz v. Roloson*
    70 Cal. 2d 143 (1969) ..................................................................................11

*Broughton v. Cigna Healthplans*
    21 Cal. 4th 1066 (1999) ................................................................................17

*Buckhorn v. St. Jude Heritage Medical Group*
    121 Cal. App. 4th 1401 (2004) .....................................................................15

*Coast Plaza Doctor's  Hosp. v. Blue Cross of Cal.*
    83 Cal. App. 4th 677 (2000) ...................................................................15, 16

*Del Mar Beach Club Owners Ass'n v. Imperial Contracting Co.*
    123 Cal. App. 3d 898 (1981) ........................................................................11

*EFund Capital Partners v. Pless*
    150 Cal. App. 4th 1311 (2007) .....................................................................16

*In Re Parker*
    60 Cal. App. 4th 1453 (1998) .......................................................................11

*Jersey v. John Muir Med. Ctr.*
    97 Cal. App. 4th 814 (2002) .........................................................................20

*Kinny v. United Healthcare Servs., Inc.*
    70 Cal. App. 4th 1322 (1999) ............................................................. 19, 20, 21

*Lagatree v. Luce, Forward, Hamilton & Scripps LLP*
    74 Cal. App. 4th 1105 (1999) .......................................................................19

*Ludgate Ins. Co. v. Lockheed Martin Corp.*
    82 Cal. App. 4th 592 (2000) .........................................................................11

*Norcal Mut. Ins. Co. v. Newton*
    84 Cal. App. 4th 64 (2000) ...........................................................................13

*Nymark v. Heart Fed. Sav. & Loan Assn.*
    231 Cal. App. 3d 1089 (1991) ......................................................................11

*Spellman v. Securities, Annuities & Ins. Servs., Inc.*
    8 Cal. App. 4th 452 (1992) ...........................................................................15

*St. Agnes Med. Ctr. v. PacifiCare of Cal.*
    31 Cal. 4th 1187 (2003) ................................................................................14

FEDERAL STATUTES

Federal Arbitration Act
    9 U.S.C. § 2 ...............................................................................................3, 7, 9

    9 U.S.C. §3 .................................................................................................3, 23

    9 U.S.C. § 4 ..........................................................................................3, 7, 8, 10

Uniformed Services Employment and Redevelopment Rights Act of 1994
    38 U.S.C. § 43, et seq. ....................................................................................6

Fed. R. Civ. P, 56(c) .....................................................................................9, 10

CALIFORNIA STATUTES

Cal. Code Civ. Proc. § 425.10(a)(1) ................................................................11

California Arbitration Act
    Cal. Code Civ. Proc. § 1281.4 .................................................................3, 24

Cal. Code Civ. Proc. § 1670.5 .........................................................................23

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

## PETITION TO COMPEL ARBITRATION[1]

## I.  INTRODUCTION

Plaintiff/Respondent Sidney Mendoza ("Plaintiff" or "Respondent") has commenced an action against Defendant/Petitioner Golden State Foods Corp. ("Golden State" or "GSF") and Defendant/Petitioner Brian Dick ("Dick") (collectively "Defendants" or "Petitioners"). Mendoza was an employee of Golden State and was terminated for failing to meet Golden State's standards of performance. Mendoza received and signed an offer letter that clearly stated that his employment was subject to an At-Will Agreement. A true and correct copy of the offer letter, is attached hereto as Exhibit A and made a part hereof. Accordingly, Mendoza signed an At-Will Acknowledgement and Pre-Dispute Resolution Agreement (the "Agreement") which stated that "all claims relating to my hiring, employment with, promotion, or termination of employment from the Company shall be submitted to final and binding arbitration . . . ." A true and correct copy of the Agreement, is attached hereto as Exhibit B and made a part hereof.  Despite the agreement to arbitrate, Mendoza filed this lawsuit against Petitioners alleging a variety of claims relating to Mendoza's termination. Golden State and Dick have asked Mendoza to arbitrate the claims relating to the

---

[1] This brief includes the omitted index and corrects the spacing of quotes.

termination in accordance with the Agreement, but Mendoza has refused to do so.

Under the Federal Arbitration Act ("FAA"), Mendoza is not entitled to seek redress in a court of law for any of his individual claims. *See* 9 U.S.C. §§ 2, 4. Mendoza and Petitioners have agreed to arbitrate all claims relating to Mendoza's employment with and termination from Golden State so the claims and defenses must be arbitrated according to the terms of the Agreement.

Additionally, under the FAA, Petitioners are entitled to an immediate stay of the litigation until the petition to compel arbitration has been decided and, if granted, until the arbitration proceedings have been concluded. *See* Cal. Code Civ. Proc. § 1281.4; 9 U.S.C. § 3.

Accordingly, Petitioners respectfully request that this Court issue an order compelling the arbitration of Mendoza's claims and staying all judicial proceedings pending the conclusion of arbitration.

## II.    STATEMENT OF FACTS

**A.    Mendoza Signed An At-Will Acknowledgement And Pre-Dispute Resolution Agreement Agreeing To Final And Binding Arbitration For All Claims Relating To Employment With And Termination of Employment With Golden State.**

Sidney Mendoza entered into the Agreement with Golden State which included a provision that provided:

> [I]n consideration of [Golden State] hiring me or

FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF PETITION TO COMPEL ARBITRATION

3

continuing to employ me or promote me and the mutual promises set forth herein, [Golden State] and I, as well as its and my representatives, successors, and assigns agree that *all claims relating to my hiring, employment with, promotion, or termination of employment from [Golden State] shall be submitted to final and binding arbitration* in accordance with the rules of the American Arbitration Association/JAMS/Endispute or other professional ADR-provider mutually selected by [Golden State] and myself. [Golden State] and I, as well as its and my representatives, successors, and assigns further agree that (i.) in the event that either party seeks relief in a court of competent jurisdiction for a dispute covered by this Agreement, the other party may, at any time within 60 days of the service of the complaint, require the dispute to be arbitrated by a neutral arbitrator, (ii.) the subject arbitrator will issue a written opinion, setting for the factual basis for his or her decision with thirty (30) days of the conclusion of the arbitration, and (iii.) the decision and award of the subject arbitrator shall be final, binding,

FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF PETITION TO COMPEL ARBITRATION

4

and enforceable in the courts.  Further, I agree that such arbitration shall be governed by the Federal Arbitration Act, except that the sufficiency of discovery to adequately arbitrate shall be in accordance with applicable state law if otherwise required. Also regarding any such dispute that is submitted to binding arbitration, I agree that [Golden State] shall not be responsible for my attorney's fees, witness fees, court reporter fees, deposition costs, or initial filing fee comparable to the cost of filing an action in state or federal court, except as otherwise permitted by law; however, [Golden State] will pay all other reasonable fees and costs unique to arbitration as well as the costs of the arbitrator.

(Ex. B, at ¶¶ 3–5 (emphasis added)).

The Agreement provides for a neutral third party decision maker; a final, binding, and enforceable decision; and a mechanism to assure impartiality in the decision making process. The arbitration provision in the Agreement sets out that all claims relating to the employment and termination of employment with Golden State must be submitted to binding arbitration. The Agreement provides both parties with the law governing the arbitration, the procedures, and the expectations

to assure impartiality in resolving disputes. Since Mendoza's claims arise out of the Agreement, they are clearly arbitrable.

On or about July 8, 2014, nearly a year after his termination from GSF, Mendoza filed a Complaint in the Superior Court for the County of Los Angeles. A true and correct copy of the Summons and Complaint, is attached hereto as Exhibit C and made a part hereof.    In paragraph 11 of the Superior Court Complaint, Mendoza incorporates by reference his DFEH administrative complaint filed with the California Department of Fair Employment and Housing. Ex. C, at 5, ¶ 11.   In paragraph 2 of the DFEH administrative complaint (which is attached to the Superior Court Complaint as Exhibit A), Mendoza alleges violation of, among other things, the Uniformed Services Employment and Redevelopment Rights Act of 1994, 38 U.S.C. § 43, et seq. ("USERRA").  Ex. C, at 41, ¶ 2. On page 3 of the DFEH administrative complaint, Mendoza makes several other factual claims that GSF violated USERRA. *See* Ex. C, at 43–44.

Despite Petitioners' repeated demands that Mendoza submit his claims to arbitration, Defendant Mendoza filed this action in Superior Court, continues to prosecute it, and refuses to submit to arbitration. On or about August 25, 2014, Petitioners filed an Answer in the Superior Court for the County of Los Angeles. A true and correct copy of the Answer, is attached hereto as Exhibit G and made a part hereof. Petitioners are not in default in proceeding with arbitration. Petitioners

FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF PETITION TO COMPEL ARBITRATION

have not waived their right to compel arbitration, and have consistently asserted that right. Petitioners offer, again, to arbitrate the claims asserted in Respondent's Complaint.  Accordingly, an order compelling arbitration and staying the state court action are necessary.

## III.   LEGAL AUTHORITY

The Federal Arbitration Act ("FAA") governs arbitration agreements. Under this statute, a "written provision . . . to settle by arbitration a controversy . . . shall be valid, irrevocable, and enforceable."  9 U.S.C. § 2.  When a party refuses to comply with a valid arbitration agreement, courts are authorized by the FAA to compel that party to arbitrate the dispute.  Thus, a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States District Court for an order directing that such arbitration proceed in the manner provided for in such agreement."  9 U.S.C. § 4.

In determining whether a petition to compel should be granted, the court's analysis is limited.  As a preliminary matter, the court must determine that it has jurisdiction, for the FAA does not create an independent basis for jurisdiction, and thus independent grounds must exist for federal jurisdiction. *See Vaden v. Discovery Bank*, 556 U.S. 49, 59 (2009); 9 U.S.C. § 4 (allowing aggrieved parties to file a petition to compel arbitration in "any United States district court which,

save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties"). To make this determination, the court must "look through" the petition to compel to the "actual 'controversy between the parties,' as they have framed it" and determine whether the court would have jurisdiction over such claims. *Vaden*, 556 U.S. at 66. Additionally, the court must determine whether the petition has been brought in an appropriate district, for the court can only grant a petition to compel if the arbitration can be held "within the district in which the petition for an order directing such arbitration is filed." 9 U.S.C. § 4.

Aside from jurisdiction, the issues for the court are twofold: (1) whether the parties have entered into a valid written agreement to arbitrate; and (2) whether the dispute in question falls within the scope of that agreement. *See Lee. v. Intelius, Inc.*, 737 F.3d 1254, 1261 (9th Cir. 2013). In making these determinations, the court is to be mindful that the FAA manifests a congressional declaration of "a liberal federal policy favoring arbitration agreements." *CompuCredit Corp. v. Greenwood*, 132 S.Ct. 665, 669 (2012) (quoting *Moses H. Cone Metn'l Hosp, v, Mercury Const. Corp.*, 460 U.S. 1, 24 (1983) (internal quotation marks omitted)). Thus, where the court determines that there is an agreement to arbitrate and that the issue in dispute falls within the scope of the agreement, the court must submit the matter to arbitration without weighing or ruling on the potential merits of the case.

FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF PETITION TO COMPEL ARBITRATION

*See AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). Further, any doubts concerning the scope of arbitrability are to be resolved in favor of arbitration. *See Moses*, 460 U.S. at 24-25.

Arbitration agreements can be avoided under the FAA only on those grounds that "exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This would include any of the "generally applicable contract defenses, such as fraud, duress, or unconscionability." *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1745–46 (2011). The party seeking to avoid arbitration bears the burden of proving the invalidity of an arbitration agreement. *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91–92 (2000). In addition, the U.S. Supreme Court has recognized that the FAA's requirement that courts enforce arbitration agreements "according to their terms" applies to federal statutory claims "unless the FAA's mandate has been overridden by a contrary congressional command." *Compucredit*, 132 S.Ct. at 669 (internal quotation marks and citation omitted). Such commands, however, must be clear in order to overcome the presumption in favor of arbitrability. *Id.* at 672 (citing federal statutes that exclude the use of arbitration).

A court can compel arbitration without trial so long as the summary judgment standard set forth by Fed. R. Civ. P, 56(c) is satisfied as to each relevant issue. *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925 F.2d 1136,

1141 (1991) ("Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement.") (internal quotation marks and citation omitted); *see also Omstead v. Dell, Inc.*, 533 F.Supp. 2d 1012, 1038 (N.D. Cal 2008) (adding that when considering a motion to compel arbitration, if Mendoza opposes the motion on the ground that he did not enter into a valid agreement to arbitrate, the court is must to apply a standard similar to that on a motion for summary judgment pursuant to Fed. R. Civ. P. 56(c)).  A court should grant summary judgment if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  Thus, unless there are issues of material fact, the court is to "hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the [parties'] agreement." 9 U.S.C. § 4. To that end, the Supreme Court has held that the FAA applies to employment contracts by rejecting the notion that the advantages of arbitration disappear in the employment context. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001).

## IV.    ARGUMENT

**A.    This Court Has Subject Matter Jurisdiction Under The Federal Arbitration Act To Issue An Order Compelling Arbitration Because Mendoza Has Asserted A Claim Under the Uniformed Services Employment And Redevelopment Rights Act Of 1994.**

In determining what claims are in fact made in the lawsuit, California Civil Procedure informs that a statement of facts constitutes a cause of action in a complaint. Cal. Code Civ. Proc. § 425.10(a)(1). Stated differently, the nature of a cause of action is determined by the facts pleaded and not by the title the pleader gives it. *See Bloniarz v. Roloson*, 70 Cal. 2d 143, 149 (1969); *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1093 (1991). A complaint may incorporate by reference a document that is attached as an exhibit, so as to allow the plaintiff to provide material facts that comprise the cause of action in which the reference is made. *See Ludgate Ins. Co. v. Lockheed Martin Corp.*, 82 Cal. App. 4th 592, 609 (2000); *In Re Parker*, 60 Cal. App. 4th 1453, 1469 (1998). *See also Del Mar Beach Club Owners Ass'n v. Imperial Contracting Co.*, 123 Cal. App. 3d 898, 908 (1981) (holding that material facts comprising a substantive cause of action can be pleaded by simple reference to an exhibit attached to the complaint).

The Respondent's state court Complaint attaches and incorporates by reference, the claims filed with the California Department of Fair Employment and

FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF PETITION TO COMPEL ARBITRATION

11

Housing on three separate occasions. Ex. C, at 5, ¶ 11; 9, ¶ 29; 13, ¶ 47. Each of the three paragraphs contained within the Complaint state the same, that:

> As a result, Plaintiff filed timely charges and complaints of military status harassment, discrimination, and retaliation with the California Department of Fair Employment and Housing . . . [a]ttached hereto and incorporated herein . . . are said Complaints and by reference hereto are made a part hereof.

(Ex. C, at 5, ¶ 11; 9, ¶ 29; 13, ¶ 47) More specifically, the administrative complaint filed with the California Department of Fair Employment and Housing states that:

> On or around Feb. 11, 2014, complainant alleges that respondent took the following adverse actions against complainant: Discrimination, Harassment, Retaliation. Complainant believes respondent committed these actions because of their: Other Violations of the California Military and Veteran Code, *the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA)*, the California Fair Employment and Housing Act (FEHA). (**Emphasis added**).

(Ex. C, at 41, ¶ 2) (emphasis added). Under the "Additional Complaint Details" Mendoza alleges that he was subjected to harassment, discrimination, and retaliation based on his membership in the United States Armed Forces in violation of USERRA on four separate occasions. Ex. C, at 43–44. Accordingly, Mendoza's attachment of the administrative complaint serves to provide material facts that comprise the cause of action in which the reference is made.

The arbitration provision is applicable to Dick despite not being a signatory

to the Agreement because he was acting in the course and scope of his employment when the controversy arose. Persons who have not signed an arbitration agreement, but who are employed by a party that is a signatory, may move to compel arbitration of claims made against them. *See Norcal Mut. Ins. Co. v. Newton*, 84 Cal. App. 4th 64, 72–73 (2000) (noting that an "agency or similar relationship [like employer/employee] between the nonsignatory and one of the parties to the arbitration agreement" is sufficient to compel arbitration of claimant's claims against a nonsignatory). Under such circumstances, Dick is entitled to invoke the arbitration requirement and properly seek to compel arbitration of Mendoza's claims.

Additionally, filing an Answer is not a waiver of arbitration. In *Cox v. Ocean View Hotel Corp.*, while applying California law, the court held that in determining whether a party as waived arbitration, a court can consider:

> "(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4)

FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF PETITION TO COMPEL ARBITRATION

> whether a defendant seeking arbitration filed a counterclaim without asking for stay of the proceedings; (5) whether important intervening steps . . . had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.

533 F.3d 1114, 1124 (9th Cir. 2008) (quoting *St. Agnes Med. Ctr. v. PacifiCare of Cal.*, 31 Cal. 4th 1187, 1196 (2003)). Federal case law only requires "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that right; and (3) prejudice to the party opposing arbitration . . . ." Additionally, this inquiry, whether on the state or federal level, must be resolved "in light of the strong federal policy favoring enforcement of arbitration agreements." *Id*. at 1125.

Petitioners' actions are consistent with their right to arbitrate – throughout the stream of litigation, Petitioners have attempted to enforce the Agreement to arbitrate; the litigation machinery has not been substantially invoked; arbitration has been requested since Petitioners received notice of the allegations; the Petitioners have not filed a counterclaim without asking for a stay of proceedings; Petitioners have not taken any important intervening steps such as taking advantage of judicial discovery procedures; and there has been no delay which has either misled or prejudiced Mendoza.

FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF PETITION TO COMPEL ARBITRATION

14

Given the strong public policy favoring arbitration as a speedy and relatively inexpensive means of dispute resolution and the mandatory language the FAA, this dispute should be sent to arbitration.

**B.     Mendoza's Claims and Petitioners' Defenses Fall Within The Ambit Of The Parties' Arbitration Agreement**

Each of the claims asserted by Mendoza are covered by the Agreement signed by the Mendoza. Mendoza's first six claims stem from allegations of discriminatory treatment. Courts have held that "important social policies and public rights embodied in statutes prohibiting discrimination in employment can be appropriately resolved by arbitration." *Spellman v. Securities, Annuities & Ins. Servs., Inc.*, 8 Cal. App. 4th 452, 462 (1992). Mendoza also brings two tort claims rooted in the contractual relationship between himself and Golden State; however, California case law has consistently held that such claims are arbitrable. *See Coast Plaza Doctor's  Hosp. v. Blue Cross of Cal.*, 83 Cal. App. 4th 677, 685 (2000) (noting the falsity of the assumption that if a plaintiff is suing on the alleged tortious misconduct of the other contracting party that the contract's requirement of an arbitration process can be ignored); *see also Buckhorn v. St. Jude Heritage Medical Group*, 121 Cal. App. 4th 1401, 1407–08 (2004).

To determine whether the parties intended to cover specific claims, courts first look to the language of the arbitration agreement. This interpretation is viewed

FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF PETITION TO COMPEL ARBITRATION

in light of the strong public policy in favor of arbitration, and demands that courts resolve doubts about the scope of an arbitration agreement in favor of arbitration. *See AT&T Tech., Inc.*, 475 U.S. at 650 ("[A]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."); *see also EFund Capital Partners v. Pless*, 150 Cal. App. 4th 1311, 1321 (2007).

The Agreement signed by Mendoza contains clear, unambiguous language – "all claims relating to my hiring, employment with, promotion, or termination of employment . . ." are subject to binding arbitration. Additionally, the arbitration agreement is bilateral; it is applicable to claims asserted by either Defendant Golden State or Mendoza. Courts interpreting similar language have found arbitration agreements to mean plainly what it says. *See Coast Plaza*, 83 Cal. App. 4th at 684 (finding that the language "any problem or dispute" means "just what it says" and that the language was "both clear and plain").

### 1. To The Extent *Armendariz* Remains Viable, The Arbitration Agreement Conforms With It.

Mendoza may argue that the Agreement is unenforceable because the Agreement fails to satisfy the requirements for mandatory employment arbitration agreements as set forth in *Armendariz v. Foundation Health Psychcare Servs.*, 24

Cal. 4th 83 (2000). However, the continued validity of *Armendariz* is questionable in the wake of *Concepcion* because of the numerous substantive hurdles that *Armendariz* imposes on the enforcement of arbitration agreements in employment disputes. *Armendariz* requires that arbitration agreements for statutory employment claims: (1) provide for a neutral arbitrator; (2) provide for adequate discovery; (3) provide for a written award; (4) do not foreclose the types of relief that would otherwise be available in court; (5) do not require employees to bear unreasonable arbitration forum costs. *Id*. at 102–03.

Assuming the continued validity of *Armendariz*, the Agreement complies with these factors. The arbitration agreement does not need to contain language specifying each element.  The court in *Armendariz* made clear that "an agreement to arbitrate a statutory claim implicitly incorporates the substantive and remedial provisions of the statute so that parties to the arbitration would be able to vindicate their statutory cause of action in the arbitral forum." *Id*. at 103 (citing *Broughton v. Cigna Healthplans*, 21 Cal. 4th 1066, 1087 (1999)). Unless the agreement contains express language contrary to or disallowing one of the five elements, an arbitration agreement will be found to implicitly satisfy them. *Id.*

The Agreement satisfies the substantive requirements set forth in *Armendariz*. First, the Agreement expressly provides that Mendoza and Golden State shall submit any employment related claims to a "professional ADR-provider

mutually selected by [Golden State] and [Mendoza]." Ex. B, at ¶ 3. Second, the Agreement provides the parties with the right to conduct all discovery "in accordance with [California] state law . . . ." Ex. ,B, at ¶ 5. Third, the Agreement requires the arbitrator to "issue a written opinion, setting for the factual basis for his or her decision within (30) days of the conclusion of the arbitration . . . ." Ex. B, at ¶ 4. Fourth, the Agreement does not preclude a Plaintiff or Defendants from recovering any remedies that would otherwise be available in court. The Agreement provides that claims will be submitted to arbitration in accordance with the rules of the American Arbitration Association, JAMS/Endispute or [another] professional ADR-provider. Under the American Arbitration Association Employment Arbitration Rules & Mediation Procedures, Rule 39 (d) provides that "[t]he arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court . . . in accordance with applicable law. Similarly, the JAMS/Endispute Employment Arbitration Rules & Procedures, Rule 24 (c) provides that "[t]he Arbitrator may grant any remedy or relief that is just and equitable within the scope of the Parties' agreement, including, but not limited to specific performance of a contract or any other equitable or legal remedy." Finally, the Agreement requires Golden State to cover costs and fees "unique to arbitration as well as the costs of the arbitrator." Ex. B, at ¶5. Taken together, the Agreement meets the "essential fairness" standard and complies with

the requirements set forth in *Armendariz*.

## 2.      The Agreement Is Not Unconscionable

In addition to meeting the basic requirements of "essential fairness," an arbitration agreement must not be unconscionable. *Armendariz*, 24 Cal. 4th at 114. Unconscionability has both a procedural and a substantive element. *Id.* Procedural unconscionability focuses on such factors as oppression and surprise, while substantive unconscionability looks to whether the agreement is "overly harsh" or "one-sided." *Id.* For a court to find that an arbitration agreement is unenforceable, the agreement must be both procedurally and substantively unconscionable. *Id.*

### a.      The Arbitration Agreement Is Not Procedurally Unconscionable

To determine whether an arbitration agreement is procedurally unconscionable, the court looks to whether it is unreasonably oppressive or surprising. *Kinny v. United Healthcare Servs., Inc.*, 70 Cal. App. 4th 1322, 1329 (1999). The fact that Plaintiff was required to sign the Agreement as a condition of employment does not render the Agreement procedurally unconscionable. A pre-dispute arbitration agreement is not invalid merely because it is imposed as a condition of employment. *See Lagatree v. Luce, Forward, Hamilton & Scripps LLP*, 74 Cal. App. 4th 1105, 1122–23 (1999) (affirming an employer's discharge of an employee who refused to sign arbitration agreement: "under both federal and

FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF PETITION TO COMPEL ARBITRATION

state law, an employee's rights to a jury trial and a judicial forum can be validly waived by agreement, even where the waiver is required as a condition of employment."). A pre-dispute arbitration agreement is enforceable unless there is clear evidence that the agreement is unconscionable. *Id.; see also Jersey v. John Muir Med. Ctr.*, 97 Cal. App. 4th 814, 824 (2002) ("[A]n employer may insist that its employees forgo their right of access to the courts by submitting all employment-related disputes to . . . nonjudicial arbitration, so long as the agreement . . . is not unconscionable.").

Plaintiff was not subjected to oppressive tactics to force him to enter into the Agreement. Mendoza cannot assert a claim of "surprise," as he signed an offer letter that conditioned his employment on the execution of the Agreement. *See* Ex. A. Relatedly, Plaintiff was asked to review and sign the Agreement at the outset of his employment, which he executed shortly thereafter. *See* Ex. B. "Surprise" involves the extent to which the terms of the agreement are "hidden in a prolix printed form" drafted by the party seeking to compel arbitration. *Kinny*, 70 Cal. App. 4th at 1329. The arbitration language cannot be characterized as "hidden" in the Agreement – it was a standalone document with the unambiguous title: "At-Will Acknowledgement and Pre-Dispute Resolution Agreement." *See* Ex. B. The Agreement also contained an acknowledgement provision in bold lettering that read:

FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF PETITION TO COMPEL ARBITRATION

I acknowledge that I have carefully read this Agreement, and I understand that agree to its terms. I have entered into this Agreement voluntarily, acknowledge that I have elected not to consult with an attorney prior to signing, and have not relied upon any promises or representations other than those contained herein. I understand I am giving up my right to a jury trial by entering into this Agreement.

Ex. B, at ¶ 8.

Accordingly, the Agreement cannot be considered surprising, hidden, or oppressive; nor can the Agreement be considered to be procedurally unconscionable.

### b.    The Arbitration Agreement Is Not Substantively Unconscionable

To find an agreement substantively unconscionable, the terms of the agreement must be "so one-sided as to shock the conscience." *Kinny,* 70 Cal. App. 4th at 1330. In assessing substantive unconscionability, the most important consideration is whether mutuality exists. *Armendariz,* 24 Cal. 4th at 83 (holding that arbitration agreements must contain a "modicum of bilaterality").

The Agreement provides both parties to the agreement mutual and equal rights. *See Ex. B.* Both parties must mutually agree to the rules of arbitration and

FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF PETITION TO COMPEL ARBITRATION

the arbitrator. *Id.* Both parties are bound by the same deadlines and entitled to the same discovery. *Id.* Most importantly, Golden State and Plaintiff are both obligated to submit all claims relating to the employment relationship to arbitration. *Id.* A straight-forward reading of the provision shows that Golden State is equally bound to the terms of the Agreement:

> *[Golden State]* and I, *as well as its* and my representatives successors and assigns agree that *all claims* relating to my hiring employment with, promotion, or termination of employment from [Golden State] shall be submitted to final and binding arbitration . . . in the event that *either* party seeks relief in a court of competent jurisdiction for a dispute covered by this Agreement, *the other party* may, at any time within 60 days of the service of the complaint, require the dispute to be arbitrated by a neutral arbitrator

Ex. B, at ¶ 3–4 (emphasis added).

The Agreement provides Golden State and Plaintiff with the same rights and protections. This mutuality in conjunction with the Agreement's essential fairness affirmatively establishes that the Agreement is not substantively unconscionable. The absence of procedural or substantive unconscionability alone compels

FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF PETITION TO COMPEL ARBITRATION

22

enforcement of the Agreement. Neither exists here, accordingly, the Agreement is enforceable.

### c.      Any Unconscionable Terms Could Be Severed

There are no unconscionable provisions within the Agreement. Assuming *arguendo* that the Court finds a particular term to be unconscionable, the Court may sever that term and enforce the remainder of the Agreement. *Armendariz*, 24 Cal. 4th at 121–22 (noting that when faced of an unconscionable contract provision, Cal. Code Civ. Proc. § 1670.5 allows a court to enforce the remainder of the contract without the unconscionable provisions and that a court may only take such drastic action as to hold the entire contract unenforceable when it is "permeated by unconscionability"). If the Court were to find a particular term in the Agreement unconscionable, severing a term instead of voiding the entire agreement would be particularly proper, especially as there has been full or partial performance of the contract. *See id*. at 123.

### C.      A Stay Of Action Is Required As To All Of Mendoza's Claims

Petitioners request that the Court stay the state court action until the Court rules upon this petition to compel arbitration. Such a stay is mandated by Section 3 of the FAA which provides that when a valid arbitration agreement exists, a court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." 9

FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF PETITION TO COMPEL ARBITRATION

23

U.S.C. § 3. Similarly, such a stay is mandated by the CAA. *See* Cal. Code Civ. Proc. § 1281.4 ("[T]he court . . . shall, upon motion of a party to such action or proceeding, stay the action or proceeding until the application for an order to arbitrate is determined . . . ."). Accordingly, Petitioners are entitled to an immediate stay pending the Court's determination of this petition, and once arbitration is ordered, a further stay until the arbitration has concluded.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's petition should be granted and this Court should issue an order compelling the arbitration of Mendoza's claims and staying all judicial proceedings pending the conclusion of arbitration.

Dated: September 30, 2013

 /s/ Rodney G. Moore
RODNEY G. MOORE, ESQ.
rodney.moore@lewisbrisbois.com
State Bar ID No. 131971
Lewis Brisbois Bisgaard & Smith LLP
221 North Figueroa Street
Suite 1200
Los Angeles, CA 90012
Phone: 404-991-3788

Attorney for GOLDEN STATE FOODS
CORP. and BRIAN DICK

FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF PETITION TO COMPEL ARBITRATION